UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH J. KNAAK, | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | |
| v. | Civil No. 1:22-CV-06682 |
| ALLSTATE INSURANCE COMPANY; JOHN DOE; MARY DOE; ABC PARTNERSHIPS AND XYZ CORPORATIONS, | **OPINION** |
| *Defendants*. | |

This matter is before the Court on Defendant's motion to dismiss Count II of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. This Court has considered the parties' written submissions pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, the Court agrees Plaintiff has failed to state a claim and will grant the Defendant's motion.

## I.  Background

On October 31, 2020, Plaintiff Sarah J. Knaak ("Plaintiff") was involved in a collision between Kristoffer M. Young ("Young"), who is an underinsured motorist ("UIM"). [Compl. Count I ¶¶ 1-3, 8]. The accident was proximately caused by the negligence of Young in the operation and control of the motor vehicle. [*Id.* ¶ 4]. Plaintiff was insured under a policy of insurance issued by Defendant Allstate Insurance Company ("Allstate"), which provided Allstate "shall pay all sums that an insured is legally entitled to recover as damages from the owner or operator of an underinsured

1

vehicle." [*Id.* at ¶ 6]. The Allstate policy provided coverage to Plaintiff for UIM benefits in the amount of $300,000.00 per person and $300,000.00 per accident. [*Id.* at ¶ 7].

Due to the accident, Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities, and has permanent disabilities that now affects the Plaintiff. [*Id.* at ¶ 9]. Plaintiff's Count I seeks compensatory damages pursuant to the UIM provisions of the aforementioned policy plus interest, attorneys fees, and costs of suit. [*See* Compl. Count I at 2].

In Count II, Plaintiff alleges Allstate engaged in the following conduct to unreasonably delay and unreasonably deny Plaintiff's UIM claim:

a) Unfounded misinterpretation of records or policy language to avoid paying the coverage limits,

b) Unreasonable pre-litigation conduct,

c) Unreasonable delay in resolving Plaintiff's claim or failure to investigate,

d) Unreasonable denial of Plaintiff's claim,

e) Use of improper standard to deny Plaintiff's Claim,

f) Arbitrary of unreasonable demands for proof of loss,

g) Failing to maintain adequate investigative procedures, and

h) Failing to settle Plaintiff's claim for the UIM policy limits.

[Compl. Count II ¶ 3][1]. Plaintiff further alleges Allstate engaged in conduct prohibited by *N.J.S.A.* 17:29B-4 and engaged in other acts to unreasonably deny Plaintiff's claim for coverage, to unreasonably deny Plaintiff's claim for payment benefits, to cause

---

[1] Plaintiff's Opposition Brief states, "[h]ere, Count Four of Plaintiff's Amended Complaint alleges that Defendant committed the following acts…." The Court, however, notes Plaintiff has not filed an Amended Complaint, and Plaintiff's Complaint only contains two counts, not four.

2

unreasonable delays for coverage, and to cause unreasonable delays for payment of benefits. [*Id*. at ¶¶ 4-5]. Plaintiff claims such actions from Allstate violated the New Jersey Insurance Fair Conduct Act ("IFCA"),[2] *N.J.S.A*. 17:29BB-3(a), and New Jersey's Unfair Settlement Practices Act ("USPA"), *N.J.S.A*. 17:29B-1 to 14. [*Id*. at ¶ 7].

Count II seeks judgment against Allstate for all statutory damages Plaintiff is entitled to recovery pursuant to *N.J.S.A*. 17:29BB-3(d), including actual damages, pre- and post-judgment interest, reasonable attorney's fees, unreasonable litigation expenses, and such other and further relief as the Court may deem just. [*See* Compl. Count II at 4]. Allstate has moved to dismiss Count II of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) on the grounds there are inadequate allegations that Allstate acted in bad faith handling Plaintiff's UIM claim. [Dkt. 7-1 at 5].

## II. Standard of Review

### a. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. *Id*. In general, only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint are taken into consideration when deciding a motion to dismiss under Rule 12(b)(6). *See Chester County Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434,

---

[2] Plaintiff's claim for violations of the IFCA is based on Allstate's past conduct and on-going conduct. Plaintiff states in the Opposition Brief, "Plaintiff's claim for statutory damages under the IFCA remains pending and ongoing." [Dkt. 8 at 3]. Plaintiff, however, does not plead any facts of past and on-going conduct by Allstate that would give rise to a plausible IFCA claim.

446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[3] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). *Accord Iqbal*, 556

---

[3] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

U.S. at 678–80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 556. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

### III. Analysis

#### a. Breach of Implied Covenant of Good Faith and Fair Dealing

Allstate has not sought dismissal of Count I of Plaintiff's Complaint, so that Count remains unaffected by this decision. Allstate argues Count II of the Complaint "should be dismissed because Plaintiff only alleges in conclusory terms that Allstate acted in bad faith by unreasonably denying or delaying [Plaintiff's] UIM claim." [Dkt. 7-1 at 5]. In Plaintiff's Brief in Opposition, Plaintiff claims "[she] has not alleged Defendant Allstate has acted in bad faith[,]" but has instead "alleged statutory violations of the IFCA – allegations which are separate from allegation of bad-faith." [Dkt. 8 at 6].

"Plaintiff's claim for violation of the implied covenant of good faith and fair dealing, or bad faith, fails for lack of sufficient factual allegations." *Costa v. Allstate N.J. Ins. Co.*, No. 1:22-CV-06683, 2023 WL 4418582, at *2 (D.N.J. July 10, 2023). In New Jersey, "every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." *Pickett v. Lloyd's*, 621 A.2d 445, 450 (N.J. 1993). A claim against an insurer for breach of the implied duty of good faith and fair dealing or a breach of fiduciary duty in the handling of an insured's claim under an insurance contract has been described as a claim for "bad faith." *See Pickett*, 621 A.2d 445, 451 (N.J. 1993) ("Most jurisdictions have characterized a cause of action for bad-faith failure to pay an insured's claim as a tort that arises out of the implied duty of an insurance company to deal fairly and act in good faith in processing the claims of its policyholder.").

Pursuant to New Jersey law, a Plaintiff asserting a claim for bad faith in the insurance context must "show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Raritan Bay Fed. Credit Union v. Cumis Ins. Soc'y*, No. 09-1512, 2009 WL 2223049, at *3 (D.N.J. July 23, 2009) (citing *Pickett*, 621 A.2d at 453). While "the lack of a reasonable basis may be inferred and imputed to an insurance company," there must be allegations of reckless indifference to facts or to proofs submitted by the insured. *Pickett*, 621 A.2d at 453 (quotations and citations omitted). "Complaints will not survive dismissal where plaintiffs recite only conclusory allegations and otherwise fail to offer facts demonstrating the plausibility of their bad faith claims." *Costa*, 2023 WL 4418582, at *2; *see, e.g., Veyhl* v. *State Farm Fire and Casualty Co.*, No. 21-10112, 2021 WL 6062304, at *2 (D.N.J. Dec. 22, 2021)

6

("Allegations parroting the elements of a 'bad faith' cause of action, without more, are subject to dismissal on a Rule 12(b)(6) motion."); *Raritan Bay*, 2009 WL 2223049, at *3 ("[T]he mere allegation that [insurer's] denial of coverage inferentially establishes bad faith relies on the very speculation that *Twombly* forbids.").

Count II of the Complaint offers only conclusory allegations. Without these allegations, Count II consists only of the incorporation by reference of Count I, (Compl. Count II ¶ 1), which describes the auto accident giving rise to this action. "The Complaint does not describe when Plaintiff submitted her claim, how long it took Defendant to process the claim, or even how Defendant responded to the claim." *Costa*, 2023 WL 4418582, at *2. Instead, the Plaintiff references an allegedly unreasonable delay or denial of her UIM claim by paraphrasing the conduct prohibited by the USPA without containing any particular facts; therefore, leaving the Court to infer unreasonable delay and unreasonable denial by the fact Allstate denied coverage. However, the Court declines to make such an inference. Plaintiff does not provide sufficient factual allegations to suggest an absence of a reasonable basis on the part of Allstate for denying coverage. "These allegations merely 'parrot[ ] the elements of a 'bad faith' cause of action' and the language of the New Jersey Insurance Fair Conduct Act (the "IFCA")." *Costa*, 2023 WL 4418582, at *2 (quoting *Veyhl*, 2021 WL 6062304, at *2; *see also* N.J. Stat. Ann. § 17:29BB-3 ("[A] claimant, who is unreasonably denied a claim for coverage or payment of benefits, or who experiences an unreasonable delay for coverage or payment of benefits … may … file a civil action in a court of competent jurisdiction ….")). There are simply no facts that support an inference that Plaintiff's claim for a breach of the duty of good faith and fair dealing is plausible. Accordingly, the Court dismisses Count II of Plaintiff's Complaint without prejudice.

### b. Breach of IFCA and USPA

To the extent Plaintiff asserts bases for relief other than bad faith, such claims also fail. Count II alleges "the actions of the Defendant [] constitute violations of the New Jersey Insurance Fair Conduct Act, *N.J.S.A.* 17:29BB-3(a), and New Jersey's Unfair Settlement Practices Act, *N.J.S.A.* 17:29B-1 to 14." [Compl. Count II ¶ 7].[4] Any claim arising from these alleged violations similarly fails for insufficient factual allegations. The Complaint alleges that Allstate violated the IFCA and USPA but only paraphrased or quoted the statutes without providing detail as to when or how Allstate violated the statutes. Without more, these allegations must be disregarded. Thus, because any claim arising from the alleged statutory violations does not include sufficient facts to render such allegations plausible, any such claim must also be dismissed without prejudice.[5]

## IV. Conclusion

For these reasons, Defendant's motion to dismiss Count II of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim will be granted without prejudice. Plaintiff may file an amended complaint that cures the identified deficiencies as to the Second Count within thirty (30) days. *See Phillips v. County of* Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be

---

[4] Within Count II, Plaintiff paraphrases the conduct prohibited by the USPA without containing any particular facts.

[5] The parties do not raise whether the IFCA–enacted in 2022–applies retroactively such that the Plaintiff may claim relief under the statute for an insurance claim arising from a 2020 accident. Because the Complaint fails to allege sufficient facts to support a claim under the IFCA or any other basis for relief, and the parties do not raise this argument, the Court need not reach this question.

8

inequitable or futile.") (citation omitted). If Plaintiff does not file an amended complaint within this time, the Second Count will be dismissed with prejudice.

An appropriate Order shall issue.

Dated: July 27, 2023

s/ Joseph H. Rodriguez  
Hon. Joseph H. Rodriguez, USDJ

9